**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry D. Brown-Bey, | No. CV-14-02038-TUC-FRZ (BGM) |
| Petitioner, | **ORDER** |
| v. | |
| J.T. Shartle, Warden, | |
| Respondent. | |

Currently pending before the Court is Petitioner Larry D. Brown-Bey's *pro se* First Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Amended Petition") (Doc. 10). Respondent has filed his Return and Answer to Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Response") (Doc. 21). Petitioner filed his Response to the Respondent's Return and Answer to Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Reply") (Doc. 24). The Petition is ripe for adjudication.

As an initial matter, Petitioner named Louis Winn, Warden of the United States Penitentiary–Tucson ("USP–Tucson") as the Respondent. *See* Amended Petition (Doc. 10). The Court takes judicial notice, however, that Louis Winn is no longer warden of USP–Tucson. As such, the Court will substitute the new Warden of USP–Tucson, J. T.

Shartle, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Amended Petition (Doc. 10).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate currently incarcerated at the United States Penitentiary ("USP") in Terre Haute, Indiana. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited April 27, 2017). On November 8, 1999, Petitioner was sentenced by the Superior Court of the District of Columbia on six (6) counts of First Degree Child Sex Abuse and one (1) count of Escape. Answer (Doc. 21), Borrego Decl. (Exh. "1"), Superior Ct. of the Distr. of Columbia, Case No. F8202-96, Judgment and Commitment/Probation Order (Attach. "2") at 1. On the same date, the Superior Court for the District of Columbia also sentenced Petitioner for a second Escape conviction. *Id.*, Exh. "1," Superior Ct. of the Distr. of Columbia, Case No. F2442-98, Judgment and Commitment/Probation Order (Attach. "3") at 1. Petitioner's November 1999 sentence included three (3) consecutive twelve (12) to thirty-six (36) year terms of imprisonment and two (2) consecutive twenty (20) month to five (5) year sentences. *Id.*, Exh. "1," Attach. "2" at 1 & Attach. "3" at 1. On December 3, 1999, the Superior Court of the District of Columbia sentenced Petitioner to a third twenty (20) month to five (5)

---
[1] Rules of Practice of the United States District Court for the District of Arizona.

- 2 -

year sentence for a violation of the Bail Reform Act, and ordered the sentence "to run consecutive to any other sentence that defendant is currently serving." *Id.*, Exh. "1," Superior Ct. of the Distr. of Columbia, Case No. F3021-97A, Judgment and Commitment/Probation Order (Attach. "4") at 1.

BOP has combined Petitioner's minimum and maximum terms for each consecutive sentence to arrive at a single expiration full term date ("EFT"), mandatory release date ("MRD"), and parole eligibility date ("PED"). Response (Doc. 21), Borrego Decl. (Exh. "1"), United States Department of Justice ("U.S. DOJ"), Federal Bureau of Prisons ("BOP"), Program Statement P5880.33, Chapter 20 (Attach. "6") at 4. Petitioner's combined minimum term is thirty-six (36) years and sixty (60) months and his combined maximum term is one hundred twenty-three (123) years. *See* Response (Doc. 21), Exh. "1," District of Columbia Dept. of Corrections Face Sheet No. 2, Case Nos. F8202-96, F2442-98 & F3021-97 (Attach. "5"). Petitioner was credited with 568 days of time served. *Id.*, Exh. "1," Attach. "5" at 3. Petitioner also earned seventy-five (75) days of extra good time DC education credit awards ("DCEGT") by earning his Graduate Equivalency Diploma ("GED"). *Id.*, Borrego Decl. (Exh. "1"), Sentence Monitoring Good Time Data (Attach. "7") at 1. Petitioner's mandatory release date, his maximum consecutive sentences minus any credit time and DCEGT, is projected to be February 2, 2121. *See* Response (Doc. 21), Exh. "1," Attach. "1" at 5. His parole eligibility date, Petitioner's minimum consecutive sentences minus any credit time and DCEGT, is February 3, 2039. *Id.*, Exh. "1," Attach. "1" at 5.

Petitioner filed his initial petition (Doc. 1) on April 21, 2014, which was

subsequently amended pursuant to Order of the Court. *See* Order 4/29/2014 (Doc. 6); Order 5/22/2014 (Doc. 9). Petitioner asserts that BOP has miscalculated his sentence, and that as "a D.C. prisoner from the Superior Court of the District of Columbia [] has the expectation that he will be seen by the USPC after he has completed one third of his original sentence." Reply (Doc. 24) at 6; *see also* Amended Petition (Doc. 10) at 4.

## II. ANALYSIS

### *A. Jurisdiction*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, before proceeding to any other issue a court must establish whether a habeas petition is filed pursuant to § 2241 or § 2255 to determine whether jurisdiction is proper. *Id.* at 865.

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence; rather, he seeks relief with respect to the BOP's calculation of his parole eligibility. Thus, Petitioner is challenging the manner, location, or condition of the execution of his sentence. When a petitioner challenges the "manner in which his

sentence was executed," the action is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241." *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991); *see also Tablada v. Thomas*, 533 F.3d 800 (9th Cir. 2008) (section 2241 petition proper to challenge BOP's calculation of good conduct time); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for 'expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole'") (quoting *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989)); *Weinstein v. U.S. Parole Comm'n*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission"). Challenges brought pursuant to § 2241 must be brought in the custodial court. At the time of filing the Petition, Petitioner was incarcerated at USP–Tucson in Arizona. Accordingly, this Court has jurisdiction over this matter. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990).

### *B. Exhaustion*

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "The requirement that federal prisoners exhaust administrative remedies before filing a

habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55, 115 S.Ct. 2021, 2023–24, 132 L.Ed.2d 46 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)).

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion may be excused if pursuing an administrative remedy would be futile. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas

corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. *See Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647–48, 91 L.Ed.2d 397 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906–08 (9th Cir. 1986) (cause and prejudice test applied to *pro se* litigants).

The BOP has established an administrative remedy process permitting an inmate to seek review of an issue relating to "any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Here, Respondent asserts that Petitioner has failed to exhaust his administrative remedies prior to filing his Petition. Answer (Doc. 21) at 5. Petitioner states that he "has indeed filed administrative remedies regarding the calculation of his sentences, and even if he had not, the court may exercise its discretion to waive the requirement, where it finds that exhaustion would be futile." Reply (Doc. 24) at 4 (citing *Fraley v. U. S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993)). A review of Petitioner's administrative remedy requests and appeals shows that Petitioner has not filed any grievances regarding his sentence calculation. *See* Response (Doc. 21), Borrego Decl. (Exh. "1"), Administrative Remedy Generalized Retrieval (Attach. "8"). The Court finds, however, that "[b]ecause of the existence of official BOP policy . . . exhaustion would be futile here[.]" *Ward v. Chavez*, 678 F.3d 1042, 1046 (9th Cir. 2012). As such,

this Court will reach the merits of Petitioner's claim.

### C. *Merits of the Petition*

#### 1. District of Columbia Prisoners—Generally

Section 24-101(b), District of Columbia Code, governs felons sentenced pursuant to the D.C. Official code and provides for their transfer "to a penal or correctional facility operated or contracted for by the Bureau of Prisons." D.C. Code § 24-101(b). The statute further provides that "[s]uch persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed, and the Bureau of Prisons shall be responsible for the custody, care, subsistence, education, treatment and training of such persons." *Id.* Similarly, Section 24-131, District of Columbia Code, delineates which entity oversees the parole of District of Columbia felons. The United States Parole Commission has assumed "the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Official Code." D.C. Code § 24-131(a). Persons convicted in the District of Columbia of a felony shall be sentenced to "a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed, and any person so convicted and sentenced may be released on parole as herein provided at any time after having served the minimum sentence." D.C. Code § 24-403(a).

. . .

## **2. Sentence Calculations**

BOP Program Statement P5880.33 establishes sentence computation procedures for inmates sentenced under the District of Columbia code. The Omnibus Criminal Justice Reform Amendment Act ("OCJRAA") of 1994 applies to offenses committed on or after June 22, 1994. *See* Response (Doc. 21), Borrego Decl. (Exh. "1"), USDOJ BOP Program Statement P5880.33 (Attach. "6"), Chapter 20 at 3. When calculating multiple, consecutive sentences under the OCJRAA, BOP arrives at a minimum sentence by adding all of the minimum sentences together and a maximum sentence by adding all of the maximum sentences imposed together. *Id.*, Exh. "1," Attach. "6," Chapter 20 at 4–5. Petitioner's statutory release date[2] is the sum of his maximum sentences minus credit for jail time. *See id.* BOP has calculated this date to be April 18, 2121. Response (Doc. 21), Borrego Decl. (Exh. "1"), Sentence Monitoring Good Time Data (Attach. "7") at 1. Petitioner's mandatory release date is calculated by reducing his full term by any other applicable sentence credits. Response (Doc. 21), Borrego Decl. (Exh. "1"), USDOJ BOP Program Statement P5880.33 (Attach. "6"), Chapter 13 at 1. Petitioner's current mandatory release date is February 2, 2121. Response (Doc. 21), Exh. "1," Attach. "7" at 1.

For consecutive sentences, parole eligibility date is calculated by adding all of the minimum terms together and subtracting any credits for jail time prior to sentencing. *See* Response (Doc. 21), Exh. "1," Attach. "7," Chapter 20 at 4. Then, pursuant to the OCJRAA, "[e]ducational good time credits authorized by the provisions of this section

---

[2] This is also referred to as the expiration of full term date ("EFT").

- 9 -

shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code § 24-221.01(b).

### 3. Petitioner's Sentence

Petitioner relies on a 1987 memorandum ostensibly to the Chief Judge of the Superior Court of the District of Arizona to argue that when a sentence imposed is twelve (12) to thirty-six (36) years, a defendant is eligible for parole after eight (8) years. Reply (Doc. 24) at 8. Petitioner's reliance is misplaced. As discussed in Section II.C., *supra*, the OCJRAA became effective in 1994 and governs Petitioner's sentence. Furthermore, because Petitioner was sentenced to multiple, consecutive sentences, he is required to serve ***all*** of his minimum sentences (minus any jail time and other applicable credits) prior to being eligible for parole. *Gibson v. Stewart*, 2016 WL 1460489 (D. Maryland April 14, 2016) (holding the United States Parole Commission does not have authority to release a prisoner prior to service of the total of his minimum sentences); *Bryant v. Civiletti*, 663 F.2d 286 (D.D.C. 1981) ("Parole hearings are designed to evaluate prisoners who are eligible for release . . . because [Petitioner] still had other minimum sentences to serve . . . [a parole hearing is not required.]"); *see also* D.C. Code § 24-403(a) (parole eligibility occurs after service of the minimum sentence).

Accordingly, Petitioner is required to serve thirty-six (36) years and sixty (60) months minus jail time and eligible credits prior to being eligible for parole. BOP has calculated Petitioner's parole eligibility date to be February 3, 2039. Response (Doc. 21),

Borrego Decl. (Exh. "1") at ¶ 12. The Court finds this calculation to be correct. Petitioner has not met his burden to show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). As such, Petitioner is not entitled to habeas relief.

### III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) SUBSTITUTING J.T. Shartle, Warden, as Respondent for Louis Winn pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2) DENYING Petitioner's First Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 10).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-14-02038-TUC-FRZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court

shall send a copy of this Report and Recommendation to all parties.

Dated this 1st day of May, 2017.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge